**In the Interest of K.M., K.M., and K.M.**

**No. 2–01–349–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 6, 2003.

Anita K. Cutrer, Bedford, for Appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of the Appellate Division, David M. Curl, Asst. Crim. D.A., Fort Worth, for Appellee.

PANEL F: CAYCE, C.J.; DAY and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

In this case, we must decide whether the procedures set forth in *Anders v. California*[1] apply to appeals in parental rights termination cases when counsel is appointed. We hold that the *Anders* procedures do apply, and accordingly, we abate this case and remand it to the trial court for a hearing to determine whether all available steps have been taken to inform Appellant Christina Fields of her counsel's conclusion that her appeal is without merit and of her right to review the record and file a pro se brief.

---

[1]. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### II. FACTUAL AND PROCEDURAL BACKGROUND

The trial court, after entering an order terminating Christina's rights to her three children, signed an order appointing counsel to represent Christina on appeal. Christina's court-appointed appellate counsel filed with this court a motion to withdraw as counsel and an *Anders* brief in support of the motion, averring that in her professional opinion Christina's appeal is frivolous. The State filed a letter brief noting its "emphatic agreement" with Christina's counsel's position that an *Anders* brief may be filed in a termination of parental rights appeal.

### III. ANDERS PROCEDURES APPLY TO TERMINATION OF PARENTAL RIGHTS CASES

In *Anders*, the United States Supreme Court recognized the competing duties faced by appointed appellate counsel who concludes his client's appeal is frivolous. *Id.* at 744, 87 S.Ct. at 1400. On one hand, counsel has a duty to zealously pursue the rights and interests of his or her client. *See id.* Appellate counsel cannot advance her client's rights and interests without asserting specific grounds for reversal. *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 436, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). On the other hand, however, counsel has a duty and a professional obligation to the appellate court not to pursue an appeal counsel has determined is frivolous. *Id.* at 436, 108 S.Ct. at 1901; *see also Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. When counsel concludes an appeal would be frivolous, counsel has a duty to withdraw from the appeal. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X,

§ 9) (stating that a lawyer shall not bring or defend a frivolous proceeding or assert a frivolous issue); TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15 (providing that a lawyer shall withdraw from representation of a client if the representation will result in violation of the applicable rules of professional conduct); TEX.R.APP. P. 45 (permitting the appellate court to assess damages if it finds an appeal frivolous). This same duty applies whether counsel is appointed or retained. *McCoy*, 486 U.S. at 437, 108 S.Ct. at 1901. Appointed counsel's dilemma, however, is that she cannot withdraw without leave of court, and advising the court of her opinion that her client's appeal is frivolous conflicts with her duty to her client. *See id.*

■ *Anders* resolved this dilemma. 386 U.S. at 744, 87 S.Ct. at 1400. *Anders* requires appointed counsel to inform the court of her conclusion that the appeal is frivolous, to file a brief demonstrating a thorough search of the record for any arguable claims that might support the client's appeal, and to file a motion to withdraw from the representation. *Id.* These requirements insure that indigent defendants have the same benefit wealthy defendants are able to acquire by purchase—a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. *McCoy*, 486 U.S. at 438, 108 S.Ct. at 1902. Thus, *Anders* ensures that indigent defendants receive substantially the same treatment as nonindigent defendants. *See* 386 U.S. at 745, 87 S.Ct. at 1400; *see also In re D.A.S.*, 973 S.W.2d 296, 297 (Tex.1998).

The principles behind *Anders* seem equally applicable to other types of appeals where appointment of counsel is mandated by statute. *See D.A.S.*, 973 S.W.2d at 299 (applying *Anders* procedures to juvenile appeals when appointment of counsel is mandated by statute).

The Texas Supreme Court in *D.A.S.* recognized that because juveniles challenging their delinquency adjudications are statutorily entitled to the assistance of counsel on appeal, the *Anders* procedures apply. *Id.* The court reasoned: "By extending the *Anders* procedure to juvenile appeals, we effectuate this legislative mandate and protect juveniles' statutory right to counsel on appeal." *Id.* at 298.

■ Family code section 263.405(e) requires the trial court to appoint appellate counsel to an indigent parent when the Texas Department of Human Services has terminated the parent's rights to his or her child. TEX. FAM.CODE ANN. § 263.405(e) (Vernon 2002). Thus, the legislature has mandated that indigent parents whose parental rights have been terminated receive the assistance of counsel on appeal. *See id.* If appellate counsel appointed under family code section 263.405(e) seeks to withdraw on the basis that the appeal lacks merit, counsel is faced with the same dilemma as that recognized in *Anders*. *Anders* procedures quintessentially apply when the legislature has mandated a statutory right to counsel on appeal and that counsel concludes that the appeal lacks merit. As in juvenile proceedings, applying *Anders* procedures to termination of parental rights appeals effectuates the legislature's mandate in family code section 263.405(e) and protects indigent parents' statutory right to counsel on appeal.

■ We note that every court of appeals that has addressed this issue has likewise concluded that *Anders* procedures apply in termination of parental rights cases. *See In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, order) ("[W]e hold that our *Anders* procedures will apply in an appeal from a decree terminating parental rights in which an indigent parent has court-appointed counsel who believes that the appeal presents no issues 'which might

arguably support an appeal.' "); *In re K.S.M.,* 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.) ("[W]e hold that when appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."); *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet.) (applying *Anders* procedures to indigent's appeal from a decree terminating parental rights). We hold that the *Anders* procedures apply to termination of parental rights appeals like this one when court-appointed counsel has concluded that there are no non-frivolous issues for appeal.

### IV. CONCLUSION

Because we are not in a position to make findings of fact regarding appellate counsel's attempts to notify Christina of her conclusions that Christina's appeal is without merit and of Christina's right under *Anders* to review the record and file a pro se brief, we will abate this appeal and remand this cause to the trial court for a determination of those issues. The trial court is instructed to comply with the terms of our abatement order issued contemporaneously with this opinion.

CAYCE, C.J., concurs without opinion.