NO. 07-03-0554-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 4, 2004

_____


CATHERINE MENDOZA AND ARMANDO MENDOZA,
AND IN THE INTEREST OF A.M., A MINOR CHILD, APPELLANTS

V.

TEXAS DEPARTMENT OF PROTECTIVE &
REGULATORY SERVICES, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. L-3288; HONORABLE JAMES ANDERSON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Catherine Mendoza Menzinni filed a pro se notice of appeal with this court on December 7, 2003, appealing a judgment terminating her parental rights. In her notice of appeal, she indicates that she is indigent. Because Ms. Menzinni may be entitled to representation by counsel in her appeal, we abate the appeal and remand the cause.

If an indigent parent requests appointment of an attorney in order to appeal a suit terminating the parent's parental rights, the trial court must determine the issue of indigency. Tex. Fam. Code Ann. § 263.405(e). If the court finds the person to be indigent, the court must appoint counsel to represent the person on appeal. Section 263.405(e); *In re K.M.*, 98 S.W.3d 774, 776 (Tex.App.–Fort Worth 2003, no pet.).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court is directed to determine if Ms. Menzinni is indigent and whether an attorney should be appointed to represent her on appeal. If the trial court determines that she is indigent and entitled to an attorney, the trial court is directed to appoint such for Ms. Menzinni and provide the attorney's name, address, telephone number, and state bar number in the order. The clerk's record and a reporter's record of the termination proceedings shall be filed with this court on or before March 12, 2004. Tex. Fam. Code Ann. § 109.002(a); Tex. R. App. Proc. 26.1(b), 35.1(b).

The trial court is directed to hold any hearings it considers necessary to comply with this order. If the trial court determines that Ms. Menzinni is not indigent or is not entitled to an appointed attorney, then such determination shall be made only following an evidentiary hearing. If held, a supplemental clerk's record and a supplemental reporter's record of the hearing on the matter of indigency are to be filed with this court on or before April 9, 2004.

Per Curiam

.