IN RE JJM

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-001-CV

IN THE INTEREST OF J.J.M., A CHILD 

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a parental rights termination case.  After a bench trial, the trial court signed a final order terminating the parental rights of appellant Christina M. to her child J.J.M.  On motion by the Texas Department of Family and Protective Services, the trial court subsequently held the hearing required by family code section 263.405(d) and denied Christina’s motion for new trial, found that Christina is indigent, and determined that an appeal of the issues raised in her statement of points would be frivolous
(footnote: 2).  
See generally 
Tex. Fam. Code Ann.
 § 263.405(b), (d) (Vernon Supp. 2007) (providing procedures for determining indigency and right to obtain free record for appeal of judgment terminating parental rights).  Christina timely filed her notice of appeal on January 3, 2006.  Pursuant to our request for briefs, Christina filed a brief on March 10, 2006, challenging the constitutionality of section 263.405 in denying a complete record of the trial to an indigent parent based on the trial court’s finding of frivolousness.  
See id. 
§ 263.405(g). 

It is unnecessary to address the constitutionality of section 263.405 because, subsequent to filing of the parties’ briefs in this case, we held that appellate courts have the authority to order preparation of a record of all of the evidence in a termination case when necessary to review a trial court’s determination that an appeal raising a factual sufficiency complaint is frivolous.  
In re M.R.J.M.,
 193 S.W.3d 670, 675-76 (Tex. App.—Fort Worth 2006, order) (en banc)
.  In this case, after reviewing the limited record from the frivolousness hearing, we were unable to determine whether the trial court acted within its discretion in finding that Christina’s legal and factual sufficiency appeal would be frivolous.  Therefore, on September 15, 2006, we ordered the court reporter to prepare and file a reporter’s record containing all of the evidence admitted at the trial on termination.  
See id.
; 
see also 
Tex. R. App. P.
 34.6(d).

The complete reporter’s record was filed in this court on October 23, 2006.  On December 4, 2006, we ordered the parties to file briefs on the merits; Christina’s brief on the merits was originally due on December 27, 2006.  

On January 3, 2007, we granted Christina’s first motion to extend the time to file her brief on the merits, set a new deadline of January 29, 2007, and stated that no further extensions would be granted.  On February 21, 2007, Christina filed her second motion to extend time, citing as good cause the fact that her former appointed counsel had joined the Denton County District Attorney’s Office and the trial court had only recently appointed new counsel to represent her.  Finding good cause, we granted the motion and set a new deadline of May 15, 2007.

On May 16, 2007, Christina’s appointed counsel filed an 
Anders
(footnote: 3) brief, a motion to withdraw, and a motion to extend time for Christina to file a pro se brief.  On May 24, 2007, we notified Christina of her right to file a pro se brief, and on June 4, 2007, Christina notified the court that she desired to file a pro se brief.

In the interest of justice, we granted
 Christina’s motion to extend time to file a pro se brief.  Christina’s pro se brief was due on or before August 14, 2007.  In this motion to extend time for Christina to file a pro se brief, counsel stated that he had already sent a copy of the reporter’s record and “pertinent filings” to Christina—these materials should have sufficiently enabled Christina to prepare her brief.  Christina was notified that if she had not received these materials, she should notify this Court immediately.

On September 18, 2007, Christina was notified that this case would be  resubmitted to the court without oral argument on October 9, 2007.  Although we gave Christina an opportunity to file a pro se brief, she did not do so.

Anders Brief

Christina’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court has previously held that 
Anders
 procedures apply in parental rights termination cases.  
In re K.M.
, 98 S.W.3d 774, 776-77 (Tex. App.—Fort Worth 2003, no pet.).

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and essentially to rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Independent Review of Record

Our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  TDFPS had standing to petition for termination, and the trial court had jurisdiction over the suit.  
See
 
Tex. Fam. Code Ann.
 § 102.003(a)(5) (Vernon Supp. 2007), §§ 152.201, 262.001(a), 262.002 (Vernon 2002).  Further, the order of termination was rendered within the statutory deadline set forth in family code section 263.401.  
See id.
 § 263.401(a), (b) (Vernon Supp. 2007). The trial court and TDFPS also complied with all other statutory deadlines.  
See id
. § 263.101 (Vernon 2002), §§ 263.201, 263.3025 (Vernon Supp. 2007), § 263.304 (Vernon 2002). 

Additionally, after having reviewed the evidence under the appropriate standards of review, we hold that it was both legally and factually sufficient to support the trial court’s order.  
See City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005) (providing legal sufficiency standard of review); 
In re J.F.C.
, 96 S.W.3d 256, 265-66 (Tex. 2002) (same); 
In re C.H.
, 89 S.W.3d 17, 25 (Tex. 2002) (providing factual sufficiency standard of review).

In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the State must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must also prove that termination is in the best interest of the child.  
Tex. Fam. Code Ann. 
§ 161.001(2) (Vernon Supp. 2007); 
Richardson v. Green
, 677 S.W.2d 497, 499 (Tex. 1984); 
Swate v. Swate
, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied).  Both elements must be established—termination may not be based solely on the best interest of the child as determined by the trier of fact.  
Tex. Dep’t of Human Servs. v. Boyd
, 727 S.W.2d 531, 533 (Tex. 1987).

The record demonstrates that Christina had previously had her parental rights terminated in regards to her three other children.  The grounds for termination of parental rights pertaining to these children included grounds based on Texas Family Code section 161.001 (D) and (E).  
See 
Tex. Fam. Code Ann.
 section 161.001(D) and (E) (Vernon Supp. 2007).  Pursuant to Texas Family Code § 161.001(M), previous termination under (D), (E), or both, is sufficient grounds for a subsequent termination.  
See id.
 § 161.001(M);
 see also Avery v. State
, 963 S.W.2d 550, 552 (Tex. App.—Houston [1st Dist.] 1997, no writ).  Therefore, the only issue to review is whether the trial court abused its discretion by determining that an appeal on the grounds that the evidence is legally and factually insufficient to support the trial court’s finding that termination was in J.J.M.’s best interest would be frivolous.  
See Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976)
; 
see also C.H.,
 89 S.W.3d at 27.  

The purpose of the State’s intervention in the parent-child relationship is to protect the best interest of the child, not to punish parents for their conduct.  
In re A.V.
, 113 S.W.3d 355, 361 (Tex. 2003).  Although the termination suit can result in a parent’s loss of his or her legal relationship with the child, the primary focus is protecting the child’s best interests.  
Id
.  Nonexclusive factors that the trier of fact in a termination case may use in determining the best interest of the child include:

(A) the desires of the child;

(B) the emotional and physical needs of the child now and in the future;

(C) the emotional and physical danger to the child now and in the future; 

(D) the parental abilities of the individuals seeking custody;

(E) the programs available to assist these individuals to promote the best interest of the child;

(F) the plans for the child by these individuals or by the agency seeking custody;

(G) the stability of the home or proposed placement;

(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I) any excuse for the acts or omissions of the parent.

Holley
, 544 S.W.2d at 371-72.  These factors are not exhaustive.  Some listed factors may be inapplicable to some cases; other factors not on the list may also be considered when appropriate.  
C.H.
, 89 S.W.3d at 27.  Furthermore, undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child.  
Id.
  On the other hand, the presence of scant evidence relevant to each 
Holley
 factor will not support such a finding.  
Id
.

At the time of trial, J.J.M. was less than a year old and could not therefore properly express an opinion regarding the termination of Christina’s parental rights.  The evidence established that J.J.M. was removed from Christina’s possession shortly after his birth and placed in a foster home. Christina exhibited no concrete plans for a stable living environment or employment to support J.J.M.  

Furthermore, Christina’s drug abuse problem is chronic and ongoing and would continue to endanger J.J.M. were he to be returned to Christina’s care.  The record indicates that Christina has previously been placed on community supervision, under the maximum level of probation, due to having tested positive for methamphetamine numerous times.  She has been in and out of multiple inpatient drug treatments and separate outpatient drug treatments, and has yet to successfully complete any of these plans.  At the time of trial, the intensive part of her current inpatient drug treatment was extended by 30 days because Christina “[breaks] cardinal rules of the facility,” had problems with authorities at the treatment center, problems with the manner in which she dressed, and demonstrated “forms of manipulation.”  Christina admitted that she would not be able to safely raise J.J.M. due to her drug addiction.  Christina admits that one of the reasons for her drug addiction is to “self-medicate.”  Additionally, the caseworker in charge of J.J.M.’s case testified that Christina failed to complete her service plan by failing to attend numerous counseling session pertaining to her parenting and drug addiction.  The caseworker further testified that she had not seen any progress “whatsoever” in Christina’s lifestyle since Christina’s parental rights were previously terminated as to her other children. 

Significantly, the caseworker testified that J.J.M.’s current foster parents had developed a mutual bond with the child, provided a stable environment for J.J.M., and plan to adopt J.J.M. if Christina’s parental rights to J.J.M. were terminated.   

Looking at all the evidence in the light most favorable to the best interest finding, we hold that a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.  
See
 
J.F.C.
, 
96 S.W.3d at 266.  Additionally, giving due consideration to evidence that the fact-finder could have found to be clear and convincing, and based on our review of the entire record, we hold that a reasonable trier of fact could have formed a firm belief or conviction that the termination of Christina’s parental rights would be in J.J.M.’s best interest. 
 See In re W.E.C.
, 110 S.W.3d 231, 247 (Tex. App.—Fort Worth 2003, no pet.).  Therefore, we hold that the trial court did not abuse its discretion by determining that an appeal would be frivolous on the grounds that the evidence is legally and factually insufficient to support the trial court’s best interest finding.
 

Conclusion

After independently reviewing the record, we agree with appellate counsel’s and the trial court’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  February 21, 2008

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2: In her Statement of Points, Christina challenged the legal and factual sufficiency of the evidence to support the trial court’s finding that the termination of the parent-child relationship was in J.J.M.’s best interest. 

3:
See
 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).