COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-001-CV

 

 

 

IN THE INTEREST OF J.J.M., A CHILD                                                     

                                                                                                        

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is a parental rights
termination case.  After a bench trial,
the trial court signed a final order terminating the parental rights of
appellant Christina M. to her child J.J.M. 
On motion by the Texas Department of Family and Protective Services, the
trial court subsequently held the hearing required by family code section
263.405(d) and denied Christina=s motion for new trial, found that Christina is indigent, and
determined that an appeal of the issues raised in her statement of points would
be frivolous[2].  See generally Tex. Fam. Code Ann. ' 263.405(b), (d) (Vernon Supp. 2007) (providing procedures for
determining indigency and right to obtain free record for appeal of judgment
terminating parental rights).  Christina
timely filed her notice of appeal on January 3, 2006.  Pursuant to our request for briefs, Christina
filed a brief on March 10, 2006, challenging the constitutionality of section
263.405 in denying a complete record of the trial to an indigent parent based
on the trial court=s finding of
frivolousness.  See id. ' 263.405(g).     








It is unnecessary to address
the constitutionality of section 263.405 because, subsequent to filing of the
parties= briefs in this case, we held that appellate courts have the authority
to order preparation of a record of all of the evidence in a termination case
when necessary to review a trial court=s determination that an appeal raising a factual sufficiency complaint
is frivolous.  In re M.R.J.M., 193
S.W.3d 670, 675-76 (Tex. App.CFort Worth 2006, order) (en banc). 
In this case, after reviewing the limited record from the frivolousness
hearing, we were unable to determine whether the trial court acted within its
discretion in finding that Christina=s legal and factual sufficiency appeal would be frivolous.  Therefore, on September 15, 2006, we ordered
the court reporter to prepare and file a reporter=s record containing all of the evidence admitted at the trial on
termination.  See id.; see also
Tex. R. App. P. 34.6(d).

The complete reporter=s record was filed in this court on October 23, 2006.  On December 4, 2006, we ordered the parties
to file briefs on the merits; Christina=s brief on the merits was originally due on December 27, 2006.  

On January 3, 2007, we
granted Christina=s first
motion to extend the time to file her brief on the merits, set a new deadline
of January 29, 2007, and stated that no further extensions would be
granted.  On February 21, 2007, Christina
filed her second motion to extend time, citing as good cause the fact that her
former appointed counsel had joined the Denton County District Attorney=s Office and the trial court had only recently appointed new counsel
to represent her.  Finding good cause, we
granted the motion and set a new deadline of May 15, 2007.








On May 16, 2007, Christina=s appointed counsel filed an Anders[3]
brief, a motion to withdraw, and a motion to extend time for Christina to file
a pro se brief.  On May 24, 2007, we
notified Christina of her right to file a pro se brief, and on June 4, 2007,
Christina notified the court that she desired to file a pro se brief.

In the interest of justice,
we granted Christina=s motion to
extend time to file a pro se brief.  Christina=s pro se brief was due on or before August 14, 2007.  In this motion to extend time for Christina
to file a pro se brief, counsel stated that he had already sent a copy of the
reporter=s record and Apertinent
filings@ to ChristinaCthese
materials should have sufficiently enabled Christina to prepare her brief.  Christina was notified that if she had not
received these materials, she should notify this Court immediately.

On September 18, 2007,
Christina was notified that this case would be 
resubmitted to the court without oral argument on October 9, 2007.  Although we gave Christina an opportunity to
file a pro se brief, she did not do so.

Anders Brief








Christina=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  This
court has previously held that Anders procedures apply in parental
rights termination cases.  In re K.M.,
98 S.W.3d 774, 776-77 (Tex. App.CFort Worth 2003, no pet.).

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground that
the appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and essentially
to rebrief the case for the appellant to see if there is any arguable ground
that may be raised on his behalf.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Independent Review of Record

Our independent review of the
record shows that there is no error that arguably might support an appeal or
require reversal.  There are no jurisdictional
errors.  TDFPS had standing to petition
for termination, and the trial court had jurisdiction over the suit.  See Tex.
Fam. Code Ann. ' 102.003(a)(5)
(Vernon Supp. 2007), '' 152.201,
262.001(a), 262.002 (Vernon 2002). 
Further, the order of termination was rendered within the statutory
deadline set forth in family code section 263.401.  See id. ' 263.401(a), (b) (Vernon Supp. 2007). The trial court and TDFPS
also complied with all other statutory deadlines.  See id. ' 263.101 (Vernon 2002), '' 263.201, 263.3025 (Vernon Supp. 2007), ' 263.304 (Vernon 2002). 








Additionally, after having
reviewed the evidence under the appropriate standards of review, we hold that
it was both legally and factually sufficient to support the trial court=s order.  See City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005) (providing legal sufficiency
standard of review); In re J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002)
(same); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002) (providing factual
sufficiency standard of review).

In proceedings to terminate
the parent‑child relationship brought under section 161.001 of the family
code, the State must establish one or more of the acts or omissions enumerated
under subdivision (1) of the statute and must also prove that termination is in
the best interest of the child.  Tex. Fam. Code Ann. ' 161.001(2) (Vernon Supp. 2007); Richardson v. Green, 677
S.W.2d 497, 499 (Tex. 1984); Swate v. Swate, 72 S.W.3d 763, 766 (Tex.
App.CWaco 2002, pet. denied).  Both
elements must be establishedCtermination may not be based solely on the best interest of the child
as determined by the trier of fact.  Tex.
Dep=t of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex.
1987).








The record demonstrates that
Christina had previously had her parental rights terminated in regards to her
three other children.  The grounds for
termination of parental rights pertaining to these children included grounds
based on Texas Family Code section 161.001 (D) and (E).  See Tex.
Fam. Code Ann. section 161.001(D) and (E) (Vernon Supp. 2007).  Pursuant to Texas Family Code ' 161.001(M), previous termination under (D), (E), or both, is
sufficient grounds for a subsequent termination.  See id. ' 161.001(M); see also Avery v. State, 963 S.W.2d 550, 552
(Tex. App.CHouston [1st
Dist.] 1997, no writ).  Therefore, the
only issue to review is whether the trial court abused its discretion by determining
that an appeal on the grounds that the evidence is legally and factually
insufficient to support the trial court=s finding that termination was in J.J.M.=s best interest would be frivolous. 
See Holley v. Adams, 544 S.W.2d 367, 371‑72 (Tex. 1976); see
also C.H., 89 S.W.3d at 27.  

The purpose of the State=s intervention in the parent‑child relationship is to protect
the best interest of the child, not to punish parents for their conduct.  In re A.V., 113 S.W.3d 355, 361 (Tex.
2003).  Although the termination suit can
result in a parent=s loss of his
or her legal relationship with the child, the primary focus is protecting the
child=s best interests.  Id.  Nonexclusive factors that the trier of fact
in a termination case may use in determining the best interest of the child
include:

(A)    the desires of the child;

 

(B)    the emotional and physical
needs of the child now and in the future;

 








(C)    the
emotional and physical danger to the child now and in the future; 

 

(D)    the parental abilities of
the individuals seeking custody;

 

(E)    the
programs available to assist these individuals to promote the best interest of
the child;

 

(F)     the
plans for the child by these individuals or by the agency seeking custody;

 

(G)    the stability of the home
or proposed placement;

 

(H)    the
acts or omissions of the parent which may indicate that the existing parent‑child
relationship is not a proper one; and

 

(I)     any excuse for the acts
or omissions of the parent.

 

Holley, 544
S.W.2d at 371‑72.  These factors
are not exhaustive.  Some listed factors
may be inapplicable to some cases; other factors not on the list may also be
considered when appropriate.  C.H.,
89 S.W.3d at 27.  Furthermore, undisputed
evidence of just one factor may be sufficient in a particular case to support a
finding that termination is in the best interest of the child.  Id. 
On the other hand, the presence of scant evidence relevant to each Holley
factor will not support such a finding.  Id.








At the time of trial, J.J.M.
was less than a year old and could not therefore properly express an opinion
regarding the termination of Christina=s parental rights.  The evidence
established that J.J.M. was removed from Christina=s possession shortly after his birth and placed in a foster home.
Christina exhibited no concrete plans for a stable living environment or
employment to support J.J.M.  








Furthermore, Christina=s drug abuse problem is chronic and ongoing and would continue to
endanger J.J.M. were he to be returned to Christina=s care.  The record indicates
that Christina has previously been placed on community supervision, under the
maximum level of probation, due to having tested positive for methamphetamine
numerous times.  She has been in and out
of multiple inpatient drug treatments and separate outpatient drug treatments,
and has yet to successfully complete any of these plans.  At the time of trial, the intensive part of
her current inpatient drug treatment was extended by 30 days because Christina A[breaks] cardinal rules of the facility,@ had problems with authorities at the treatment center, problems with
the manner in which she dressed, and demonstrated Aforms of manipulation.@  Christina admitted that she
would not be able to safely raise J.J.M. due to her drug addiction.  Christina admits that one of the reasons for
her drug addiction is to Aself-medicate.@  Additionally, the caseworker
in charge of J.J.M.=s case
testified that Christina failed to complete her service plan by failing to
attend numerous counseling session pertaining to her parenting and drug
addiction.  The caseworker further
testified that she had not seen any progress Awhatsoever@ in
Christina=s lifestyle
since Christina=s parental
rights were previously terminated as to her other children. 

Significantly, the caseworker
testified that J.J.M.=s current
foster parents had developed a mutual bond with the child, provided a stable
environment for J.J.M., and plan to adopt J.J.M. if Christina=s parental rights to J.J.M. were terminated.   

Looking at all the evidence
in the light most favorable to the best interest finding, we hold that a
reasonable trier of fact could have formed a firm belief or conviction that its
finding was true.  See J.F.C.,
96 S.W.3d at 266.  Additionally, giving
due consideration to evidence that the fact-finder could have found to be clear
and convincing, and based on our review of the entire record, we hold that a
reasonable trier of fact could have formed a firm belief or conviction that the
termination of Christina=s parental
rights would be in J.J.M.=s best
interest.  See In re W.E.C., 110
S.W.3d 231, 247 (Tex. App.CFort Worth 2003, no pet.). 
Therefore, we hold that the trial court did not abuse its discretion by
determining that an appeal would be frivolous on the grounds that the evidence
is legally and factually insufficient to support the trial court=s best interest finding. 

 

 








Conclusion

After independently reviewing
the record, we agree with appellate counsel=s and the trial court=s determination that any appeal from this case would be
frivolous.  Accordingly, we grant
appellate counsel=s motion to
withdraw and affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  February 21, 2008

 











[1]See Tex. R. App. P. 47.4.





[2] In
her Statement of Points, Christina challenged the legal and factual sufficiency
of the evidence to support the trial court=s finding that the
termination of the parent-child relationship was in J.J.M.=s
best interest. 





[3]See Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).