

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-341-CV**

IN THE INTEREST OF H.B.P.,
A CHILD

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Lindsey C. appeals from the trial court's order terminating her parental rights to H.B.P.[2] We will affirm.

At the termination trial, the trial court heard testimony that Lindsey had admitted using methamphetamine while H.B.P. was in her possession and that Lindsey had never completed a drug-treatment program.[3] Lindsey also had

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court also terminated the parental rights of H.B.P.'s biological father, B.L.P., but only Lindsey appeals the trial court's judgment.

[3] The day before the termination trial, Lindsey learned that there was a bed available at a drug treatment program and that she was required to report within forty-eight hours. On the day of the termination trial, Lindsey appeared

failed to undergo individual counseling, had failed to complete her parenting classes, and had failed to remain drug-free during the course of the case.[4] The trial court heard evidence that Lindsey appeared for only twenty of the eighty-five visits that she was allowed with H.B.P., that she always left early, and that she did not have a regard for H.B.P.'s physical or emotional needs. Lindsey never presented the case worker with proof of employment or with her address, causing the case worker to have to spend a day locating her each month. The record also revealed that Lindsey had been involved in domestic violence disputes. After hearing the evidence, the trial court found that Lindsey had knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, that she had engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, that she had constructively abandoned the child, that she had

at the courthouse prior to the hearing but disappeared before the trial started. The record revealed that she had previous opportunities to attend drug treatment programs but did not take advantage of them.

[4] A police officer testified that he pulled over a vehicle at 11:17 a.m. on June 27, 2008, in which Lindsey was a passenger and gave her a citation for possession of a syringe and a glass pipe. Lindsey told the officer that she had been sober for a day. The CPS caseworker testified that June 27, 2008, was a visitation day, that Lindsey had left the visit early (approximately 10:30 or 10:45 a.m.), and that she had failed to show for a urinalysis, which she had promised to give after her visitation.

failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, that she used a controlled substance in a manner that endangered the health or safety of the child, and that termination of Lindsey's parental rights was in the best interest of H.B.P.

Lindsey's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 741, 87 S. Ct. 1396, 1398 (1967); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court has previously held that *Anders* procedures apply in parental rights termination cases. *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.). Lindsey was given the opportunity to file a pro se brief on her own behalf, but she did not do so.

3

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and Lindsey's appellate counsel's brief. We agree with her appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant Lindsey's appellate counsel's motion to withdraw and affirm the trial court's judgment terminating Lindsey's parental rights to H.B.P.

PER CURIAM

PANEL: WALKER, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: June 11, 2009

4