

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00280-CV

| | | |
|---|---|---|
| In the Interest of M.S.M., A Child | § | From the 323rd District Court |
| | § | of Tarrant County (323-95192J-11) |
| | § | December 13, 2012 |
| | § | Opinion by Justice Meier |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier


### NO. 02-12-00280-CV

IN THE INTEREST OF M.S.M., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant H.M. appeals the trial court's order terminating her parental rights to M.S.M.[2]  The trial court found that H.M. knowingly placed or knowingly allowed M.S.M. to remain in conditions or surroundings which endangered M.S.M.'s physical or emotional well-being, and engaged in conduct or knowingly placed M.S.M. with persons who engaged in conduct which endangered

---

[1]*See* Tex. R. App. P. 47.4.

[2]The trial court also terminated the parental rights of M.S.M.'s alleged biological father, but he did not appeal the trial court's judgment.

M.S.M.'s physical or emotional well-being. The trial court further found that termination of H.M.'s parental rights is in M.S.M.'s best interest. We will affirm.

H.M.'s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In her motion, counsel avers that she has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. H.M. was given the opportunity to file a pro se brief on her own behalf, but she did not do so.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 741, 87 S. Ct. 1396, 1398 (1967); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court has previously held that *Anders* procedures apply in parental rights termination cases. *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's

3

motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and H.M.'s appellate counsel's brief. We agree with her appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant H.M.'s appellate counsel's motion to withdraw and affirm the trial court's order terminating H.M.'s parental rights to M.S.M.

<div style="margin-left:50%">

BILL MEIER
JUSTICE
</div>

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: December 13, 2012