

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00457-CV

IN THE INTEREST OF E.M., E.M.
AND I.M., THE CHILDREN

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant K.M.M. appeals the trial court's order terminating her parental rights to three of her children, E.M., E.M., and I.M.  The trial court found that K.M.M. engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being; knowingly placed or knowingly allowed the children to remain in conditions or

---

[1]*See* Tex. R. App. P. 47.4.

surroundings that endangered their physical or emotional well-being; failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of her children; and constructively abandoned the children. The trial court further found that termination of K.M.M.'s parental rights is in the children's best interest.

K.M.M.'s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. K.M.M. was given the opportunity to file a pro se brief on her own behalf, and she did so. The State did not file a brief.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court has previously held that *Anders* procedures apply in parental rights termination cases. *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining

2

that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record, K.M.M.'s appellate counsel's brief, and K.M.M.'s pro se brief. We agree with K.M.M.'s appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant K.M.M.'s appellate counsel's motion to withdraw and affirm the trial court's order terminating K.M.M.'s parental rights to E.M., E.M., and I.M.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 14, 2013

3