

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00262-CV

IN THE INTEREST OF D.S., A
CHILD

-----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Father appeals the trial court's order terminating his parental rights to D.S.[2] The trial court found that Father (1) engaged in conduct or knowingly placed D.S. with persons who engaged in conduct that endangered D.S.'s physical or emotional well-being, (2) knowingly placed or knowingly allowed D.S. to remain in conditions or surroundings that endangered D.S.'s physical or emotional well-being, and (3) knowingly engaged in criminal conduct that has resulted in a

---

[1]*See* Tex. R. App. P. 47.4.

[2]Mother voluntarily relinquished her rights and does not appeal.

conviction and confinement or imprisonment and inability to care for D.S. for not less than two years from the date of filing the petition. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (Q) (West Supp. 2013). The trial court further found that termination of Father's parental rights is in D.S.'s best interest. *Id.* § 161.001(2).

Father's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Father was given the opportunity to file a pro se brief on his own behalf, but he has not done so. The State did not file a brief.

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental rights termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.

2

Crim. App. 1991); *In re K.M.*, 2003 WL 2006583, at *2. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re K.E.S.*, No. 02-11-00420-CV, 2012 WL 4121127, at *8 (Tex. App.—Fort Worth Sept. 20, 2012, pet. denied) (mem. op. on reh'g). Therefore, we grant appellate counsel's motion to withdraw and affirm the trial court's order terminating Father's parental rights to D.S.

PER CURIAM

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: November 7, 2013