**Abatement Order filed October 5, 2021**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-21-00427-CV
_____

## IN THE INTEREST OF C.U.D., S.L.D., A/K/A S.D., J.P.J.D., K.K.J.D., AND A.E.D., II, CHILDREN

---

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-37155**

---

### ABATEMENT ORDER

This is an appeal from a judgment terminating the parental rights of appellant, R.J. Appellant filed a pro se notice of appeal and is proceeding without advance payment of costs. The clerk's record and reporter's record have been filed. A supplemental clerk's record containing the trial court's judgment signed September 14, 2021, has been ordered to be filed by this court.

The clerk's record reflects appellant was represented at trial by appointed counsel Shirley Cornelius. The record does not reflect the trial court has granted a motion for Cornelius to withdraw or appointed counsel on appeal. Appellant's brief was due September 22, 2021. No brief has been filed.

In Texas, there is a statutory right to counsel for indigent persons in parental termination cases. *See* Tex. Fam. Code Ann. § 107.013(a)(1); *see also In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). If an indigent parent requests appointment of an attorney to appeal a judgment terminating his or her parental rights, the trial court must determine the issue of indigence. *See* Tex. Fam. Code Ann. § 263.405(e). If the court finds the parent to be indigent, or the parent is presumed indigent, the court must appoint counsel to represent the parent on appeal. *Id.*; *In re K.M.*, 98 S.W.3d 774, 776 (Tex. App.—Fort Worth 2003, no pet.). The record before this court reflects appellant has been determined to be indigent but is not represented by counsel on appeal. Accordingly, we issue the following order.

We ORDER the judge of the 308th District Court to immediately conduct a hearing to determine whether appellant desires to prosecute this appeal, and, if so, whether appellant is entitled to appointed counsel on appeal. The judge shall appoint an appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, and supplemental clerk's record shall be filed with the clerk of this court on or before October 13, 2021.

If appellant has appointed counsel, no hearing is required. The judge shall see that a supplemental clerk's record containing the order of appointment is filed with the clerk of this court on or before October 13, 2021.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record containing the trial court's findings and recommendations, or alternatively the trial court's order of appointment, is filed in this court. The court

will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Hassan and Poissant.