**Abatement Order filed October 26, 2021**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-21-00552-CV
_____

### In the Interest of K.J., a Child

_____

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCV-269944**

_____

This appeal is from a judgment terminating the parental rights of appellant, L.B. Appellant has filed an affidavit of inability to pay costs. The clerk's record filed October 8, 2021, reflects appellant's court-appointed counsel was permitted to withdraw and appellant filed a pro se notice of appeal. The reporter's record has not been filed but the information sheet filed by the court reporter, Sylvia Thompson, states that appellant has made arrangements to pay for the record.

In Texas, there is a statutory right to counsel for indigent persons in parental termination cases. *See* Tex. Fam. Code Ann. § 107.013(a)(1); *see also In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). If an indigent parent requests appointment of an attorney to appeal a judgment terminating his or her parental rights, the trial court

must determine the issue of indigence. *See* Tex. Fam. Code Ann. § 263.405(e). If the court finds the parent to be indigent, or the parent is presumed indigent, the court must appoint counsel to represent the parent on appeal. *Id.*; *In re K.M.*, 98 S.W.3d 774, 776 (Tex. App. Fort Worth 2003, no pet.). Accordingly, we issue the following order.

We ORDER the judge of the 328th District Court to immediately conduct a hearing to determine whether appellant desires to prosecute this appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge shall appoint an appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, and supplemental clerk's record shall be filed with the clerk of this court on or before **November 5, 2021**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Zimmerer.