

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00231-CV

_____

IN THE INTEREST OF D.J., S.H.-J., AND B.G., CHILDREN

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-719439-22

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

D.H.G. (Mother) appeals the termination of her parental rights to three of her children—D.J. (Dylan), S.H.-J. (Sarah), and B.G., also known as O.J. (Opal)—and D.J. (Father) appeals the termination of his parental rights to the two children he shares with Mother—Sarah and Opal. But a review of the record demonstrates that there are no meritorious grounds for appellate review of the termination of either parent's parental rights. The parents' appointed attorneys concluded as much, and we agree. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Accordingly, we will affirm.

## I. The Parties' Review of the Record

Mother and Father were appointed separate appellate attorneys, but after their attorneys reviewed the record, they both concluded that there were no meritorious grounds for appeal. The attorneys filed *Anders* briefs, provided copies of the briefs to their clients, and informed their clients of their rights to request the record and to file pro se responses. *See id.*; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). This court similarly informed the parents of their rights.

Although both parents accessed the appellate record, only Father filed a response to his counsel's *Anders* brief. But Father's response did not identify any

arguable basis for challenging the trial court's order of termination.[1]  The Department of Family and Protective Services, meanwhile, indicated its agreement with the parents' attorneys that there were no meritorious grounds for appeal.

## II.  This Court's Review of the Record

Nonetheless, to protect the parents' rights, "we must independently examine the appellate record to determine if any arguable grounds for appeal exist." *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV, 2023 WL 3251013, at *1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.).  Our independent review of the record finds evidence that Father had a history of abusive behavior and that, both before and during the termination proceedings, Mother and Father consistently used illegal drugs and engaged in other criminal activities.

When Mother gave birth to Opal in June 2022, she and Opal tested positive for amphetamines (among other substances), and Mother admitted that she had used

---

[1]Father's response disputes the factual circumstances surrounding Sarah's and Dylan's initial removal, but "[a]ny complaint about the initial removal order . . . is now moot and therefore not subject to review on appeal." *In re S.G.*, No. 02-24-00045-CV, 2024 WL 1792764, at *7 n.18 (Tex. App.—Fort Worth Apr. 25, 2024, pet. denied) (mem. op.); *see In re C.Y.*, No. 02-21-00261-CV, 2022 WL 500028, at *1 n.3 (Tex. App.—Fort Worth Feb. 18, 2022, pet. denied) (mem. op.) (recognizing that mother's challenge to evidentiary basis for removal was moot); *In re E.S.*, No. 02-20-00407-CV, 2021 WL 2149627, at *12 (Tex. App.—Fort Worth May 27, 2021, pet. denied) (mem. op.) (similar).  Moreover, Father is not Dylan's parent, so it is unclear how his complaints regarding Dylan's removal could require reversal of the order terminating his rights to Sarah and Opal.

methamphetamines with Father throughout her pregnancy. Mother told the Department that Father was abusive and that he would assault her unless she smoked methamphetamines with him.

The parents' drug use continued while the termination case was pending. On multiple occasions in 2023 and 2024, Mother and Father tested positive for cocaine and methamphetamines, among other substances. And this was not the only evidence of the parents' criminal activity.

In early 2024, Mother was charged with three crimes, including fleeing as a fugitive from another state. She was incarcerated at the time of the termination trial's commencement in March 2024. Father, for his part, pleaded guilty to indecency with a child by exposure, and he was placed on five years' deferred adjudication in November 2023. Because Father's community supervision terms prohibited him from having contact with minors, the Department canceled his visitation with Sarah and Opal. Regardless, within a few months of being placed on community supervision, Father was incarcerated for violating his community supervision terms.

These events were just a fraction of the evidence presented to the trial court at the termination trial, and such evidence was factually and legally sufficient to support the vital portions of the trial court's termination findings: its findings that termination of each parent's rights was in the children's best interest and that each parent satisfied at least one statutory predicate ground. *See* Tex. Fam. Code Ann. § 161.001(b)(1), (b)(2). Evidentiary sufficiency challenges to these findings would not be meritorious.

4

And nothing in the record reveals any other arguable ground for review either. The record does not exhibit any jurisdictional flaws, *see, e.g., id.* §§ 152.201, 263.401; it confirms the trial court's compliance with the relevant statutory procedures and deadlines, *see, e.g., id.* § 263.4011; it contains no harmful, preserved evidentiary rulings; and it reflects that the parents had effective legal representation in the trial court.

In short, our independent review of the record confirms the conclusion reached by the parents' appointed attorneys:  these appeals are frivolous.  *See K.W.*, 2023 WL 4289613, at *1–2 (conducting brief *Anders* analysis and reaching similar conclusion); *K.A.*, 2023 WL 3251013, at *1–2 (similar).

### III.  Conclusion

We affirm the trial court's order of termination.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  November 7, 2024

5