

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00083-CV

———————————————

IN THE INTEREST OF L.B., K.S., K.B., AND T.B., CHILDREN

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-692507-20

---

Before Sudderth, C.J; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In this ultra-accelerated appeal,[1] appellants Father and Mother appeal the trial court's order terminating their parent–child relationships with their children—K.S. (as to Mother only) and K.B. and T.B. (as to both Mother and Father).[2] Two other fathers of children subject to orders in this case, Richard (father of L.B.) and Keith (father of K.S.)[3], did not appeal. The trial court found that the Department of Family and Protective Services had proved four conduct-based grounds for termination of the parent–child relationships between Mother and the children K.S., K.B., and T.B.; that it had proved the same four conduct-based grounds for termination of the parent–child relationships between Father and the children K.B. and T.B.; and that termination was in the best interest of each child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (b)(2).

---

[1]*See* Tex. R. Jud. Admin. 6.2(a)*, reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]We use initials to refer to minors and to relationships to the minors and use fictitious names for others as necessary to protect the minors' identities. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[3]Four children were at issue at trial. The trial court issued an order of conservatorship of the oldest child, L.B., but did not terminate the parent–child relationships between L.B. and either Mother or Richard. Neither Richard nor Mother appealed the trial court's conservatorship order as to L.B. Keith is the father of K.S. and did not appeal the termination of his parent–child relationship with K.S.

Both Mother's and Father's appointed counsel have filed *Anders* briefs indicating that Mother and Father have no meritorious grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Because our independent review of the record compels us to agree with each parent's counsel, we will affirm the trial court's judgment.

## I. MOTHER'S *ANDERS* BRIEF

Mother's appointed appellate counsel filed a motion to withdraw in addition to the *Anders* brief. *See id.*; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

Counsel served the brief on Mother and informed her of her right to request the record and to file a pro se response to the *Anders* brief.[4] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re G.C.*, No. 02-20-00368-CV, 2021 WL 1823341, at *1 (Tex. App.—

---

[4]Counsel also provided Mother with a motion for pro se access to the appellate record and notified her of her right to seek review before the Supreme Court of Texas, should the court declare her appeal frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel remains appointed through proceedings in the Texas Supreme Court unless she is relieved of her duties for good cause. *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016)(order).

Fort Worth May 7, 2021, pet. denied) (mem. op.). We similarly informed Mother of her rights. Mother has not requested access to the appellate record and did not file a response. The State has declined to file a responsive brief.

Nonetheless, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at \*1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV, 2023 WL 3251013, at \*1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.). Having done so, we conclude that Mother's appeal is frivolous. *See K.W.*, 2023 WL 4289613, at \*1 (conducting *Anders* analysis and reaching same conclusion); *K.A.*, 2023 WL 3251013, at \*2 (same).

## II.  FATHER'S *ANDERS* BRIEF

Father's appointed appellate counsel also filed a motion to withdraw with his *Anders* brief. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also K.M.*, 98 S.W.3d at 776–77. Father's counsel's brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

Counsel served the brief on Father and informed him of his right to request the record and to file a pro se response to the *Anders* brief.[5] *See Anders*, 386 U.S. at 744, 87

---

[5]Counsel also provided Father with a motion for pro se access to the appellate record. *See Kelly*, 436 S.W.3d at 319–20. In our April 30, 2025 letter to Father, we provided him our mailing address. Father's counsel did not inform Father of his pro se right to seek discretionary review of our judgment, a function that an appointed

S. Ct. at 1400; *G.C.*, 2021 WL 1823341, at *1.  We similarly informed Father of his rights.  Father has not sought to access the appellate record and did not file a response.  The State has declined to file a responsive brief.

Having independently examined the appellate record to determine if any arguable grounds for appeal exist, we conclude that Father's appeal is also frivolous.  *K.W.*, 2023 WL 4289613, at *1; *see K.A.*, 2023 WL 3251013, at *1.

### III.  CONCLUSION

We agree with counsel that Mother's and Father's appeals are frivolous; thus, we affirm the trial court's termination order.  We deny both motions to withdraw; each counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of those duties.  *See P.M.*, 520 S.W.3d at 27–28; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  July 10, 2025

---

lawyer who files an *Anders* brief must fulfill in a criminal appeal.  *See* Tex. R. App. P. 48.4; *Kelly*, 436 S.W.3d at 319.  An appointed appellate attorney in a termination appeal has no such obligation, however, because his representation does not end in our court. *See In re C.W.*, No. 02-21-00340-CV, 2022 WL 1155908, at *2 n.3 (Tex. App.—Fort Worth Apr. 19, 2022, pet. denied) (mem. op.).