COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-028-CV

 

 

IN THE INTEREST OF C.M.F., 

K.M.F., L.R., JR., A.H.M., JR., 

AND C.L.H. AKA C.L.H.,                                                                        

CHILDREN                                                                                            

 

                                                  ------------

 

             FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

 








Crystal D. appeals from the
trial court=s order
terminating her parental rights in C.M.F., K.M.F., L.R., Jr., A.H.M., Jr., and
C.L.H.[2]  We will affirm.           At
the termination hearing, among other evidence, the trial court heard testimony
that Crystal had indulged in illegal drug use for a number of years and had
been in and out of multiple drug-treatment facilities, but never had completed
any of the drug-treatment courses.  There
was also evidence and testimony presented that Crystal had used cocaine during
her pregnancy with C.L.H.  The trial
court also heard evidence that Crystal could not provide stable housing or
stable financing for her children, that she had violated her CPS service plan,
and that she had left her children with men whom she admitted had sexually
assaulted her.  The trial court found
that Crystal had knowingly placed or knowingly allowed her children to remain
in conditions or surroundings which endangered their physical and emotional
well-being, that she had engaged in conduct or knowingly placed her children
with persons who engaged in conduct which endangered her children=s physical and emotional well-being, and that termination of Crystal=s parental rights was in the best interest of all five children.








Crystal=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion,
counsel avers that he has conducted a professional evaluation of the record
and, after a thorough review of the applicable law, has reached the conclusion
that there are no arguable grounds to be advanced to support an appeal of this
cause and that the appeal is frivolous.

Counsel=s brief and motion
meet the requirements of Anders by presenting a professional evaluation
of the record demonstrating why there are no reversible grounds on appeal and
referencing any grounds that might arguably support the appeal.  See Anders v. California, 386 U.S. 738,
741, 87 S. Ct. 1396, 1400 (1967); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995,
no pet.).  This court has previously held
that Anders procedures apply in parental rights termination cases.  In re K.M., 98 S.W.3d 774, 776B77 (Tex. App.CFort Worth 2003,
no pet.).  Crystal was given the
opportunity to file a pro se brief on her own behalf, but she did not do so.

In our duties as a reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays, 904 S.W.2d at 923. 
Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).








We have carefully reviewed the appellate record and counsel=s brief.  We agree that the appeal is wholly frivolous
and without merit.  We find nothing in
the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).  Therefore, we
grant Crystal=s appellate counsel=s motion to
withdraw and affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.   

DELIVERED: 
October 30, 2008











[1]See Tex.
R. App. P. 47.4.





[2]The
trial court also terminated the parental rights of C.M.F. and K.M.F.=s
biological fatherCMiguel
S.Cas
well as the parental rights of A.H.M., Jr.=s biological fatherCIsmael
H.  Additionally, the trial court
terminated the parental rights of the AUnknown Father[s]@ of
L.R., Jr. and C.L.H.  Only Crystal
appeals the trial court=s
judgment.