

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-028-CV

IN THE INTEREST OF C.M.F.,
K.M.F., L.R., JR., A.H.M., JR.,
AND C.L.H. AKA C.L.H.,
CHILDREN

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Crystal D. appeals from the trial court's order terminating her parental

rights in C.M.F., K.M.F., L.R., Jr., A.H.M., Jr., and C.L.H.[2]  We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court also terminated the parental rights of C.M.F. and K.M.F.'s biological father — Miguel S. — as well as the parental rights of A.H.M., Jr.'s biological father — Ismael H.  Additionally, the trial court terminated the parental rights of the "Unknown Father[s]" of L.R., Jr. and C.L.H.  Only Crystal appeals the trial court's judgment.

At the termination hearing, among other evidence, the trial court heard testimony that Crystal had indulged in illegal drug use for a number of years and had been in and out of multiple drug-treatment facilities, but never had completed any of the drug-treatment courses. There was also evidence and testimony presented that Crystal had used cocaine during her pregnancy with C.L.H. The trial court also heard evidence that Crystal could not provide stable housing or stable financing for her children, that she had violated her CPS service plan, and that she had left her children with men whom she admitted had sexually assaulted her. The trial court found that Crystal had knowingly placed or knowingly allowed her children to remain in conditions or surroundings which endangered their physical and emotional well-being, that she had engaged in conduct or knowingly placed her children with persons who engaged in conduct which endangered her children's physical and emotional well-being, and that termination of Crystal's parental rights was in the best interest of all five children.

Crystal's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there

2

are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 741, 87 S. Ct. 1396, 1400 (1967); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court has previously held that *Anders* procedures apply in parental rights termination cases. *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.). Crystal was given the opportunity to file a pro se brief on her own behalf, but she did not do so.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and counsel's brief. We agree that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178

3

S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant Crystal's appellate counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: October 30, 2008

4