COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-341-CV

 

IN THE
INTEREST OF H.B.P.,

A CHILD



 

                                              ------------

 

          FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Lindsey C. appeals from the trial court=s order
terminating her parental rights to H.B.P.[2]  We will affirm.













At the
termination trial, the trial court heard testimony that Lindsey had admitted
using methamphetamine while H.B.P. was in her possession and that Lindsey had
never completed a drug-treatment program.[3]  Lindsey also had failed to undergo individual
counseling, had failed to complete her parenting classes, and had failed to remain
drug-free during the course of the case.[4]  The trial court heard evidence that Lindsey
appeared for only twenty of the eighty-five visits that she was allowed with
H.B.P., that she always left early, and that she did not have a regard for
H.B.P.=s
physical or emotional needs.  Lindsey
never presented the case worker with proof of employment or with her address,
causing the case worker to have to spend a day locating her each month.  The record also revealed that Lindsey had
been involved in domestic violence disputes. 
After hearing the evidence, the trial court found that Lindsey had
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the child,
that she had engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional well-being of the
child, that she had constructively abandoned the child, that she had failed to
comply with the provisions of a court order that specifically established the
actions necessary for her to obtain the return of the child, that she used a
controlled substance in a manner that endangered the health or safety of the
child, and that termination of Lindsey=s
parental rights was in the best interest of H.B.P.

Lindsey=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion,
counsel avers that he has conducted a professional evaluation of the record
and, after a thorough review of the applicable law, has reached the conclusion
that there are no arguable grounds to be advanced to support an appeal of this
cause and that the appeal is frivolous.

Counsel=s brief
and motion meet the requirements of Anders by presenting a professional
evaluation of the record demonstrating why there are no reversible grounds on
appeal and referencing any grounds that might arguably support the appeal.  See Anders v. California, 386 U.S. 738,
741, 87 S. Ct. 1396, 1398 (1967); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  This court has
previously held that Anders procedures apply in parental rights
termination cases.  In re K.M., 98
S.W.3d 774, 776B77 (Tex. App.CFort
Worth 2003, no pet.).  Lindsey was given
the opportunity to file a pro se brief on her own behalf, but she did not do
so.








In our
duties as a reviewing court, we must conduct an independent evaluation of the
record to determine whether counsel is correct in determining that the appeal
is frivolous.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at
923.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).

We have
carefully reviewed the appellate record and Lindsey=s
appellate counsel=s brief.  We agree with her appellate counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).  Therefore, we grant
Lindsey=s
appellate counsel=s motion to withdraw and affirm
the trial court=s judgment terminating Lindsey=s
parental rights to H.B.P.

 

                PER CURIAM

 

PANEL: WALKER, J.; CAYCE,
C.J.; and MEIER, J.

 

DELIVERED: June 11, 2009











[1]See Tex. R. App. P. 47.4.





[2]The trial court also
terminated the parental rights of H.B.P.=s biological father, B.L.P., but only Lindsey
appeals the trial court=s judgment.





[3]The day before the
termination trial, Lindsey learned that there was a bed available at a drug
treatment program and that she was required to report within forty-eight
hours.  On the day of the termination
trial, Lindsey appeared at the courthouse prior to the hearing but disappeared
before the trial started.  The record
revealed that she had previous opportunities to attend drug treatment programs
but did not take advantage of them.





[4]A police officer
testified that he pulled over a vehicle at 11:17 a.m. on June 27, 2008, in
which Lindsey was a passenger and gave her a citation for possession of a
syringe and a glass pipe.  Lindsey told
the officer that she had been sober for a day. 
The CPS caseworker testified that June 27, 2008, was a visitation day,
that Lindsey had left the visit early (approximately 10:30 or 10:45 a.m.), and
that she had failed to show for a urinalysis, which she had promised to give
after her visitation.