

**MEMORANDUM OPINION**

No. 04-08-00635-CV

**IN THE INTEREST OF A.J.W.**, A Child

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-02577
Honorable Joe Frazier Brown, Jr., Judge Presiding[1]

Opinion by:     Phylis J. Speedlin, Justice

Sitting:         Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

AFFIRMED

After the trial court terminated their parental rights, Laurie A. and Jayson W. appealed the trial court's order determining that an appeal of the termination order would be frivolous. *See* TEX. FAM. CODE ANN. § 263.405(g) (Vernon 2008). Laurie and Jayson's court-appointed appellate attorneys each filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced regarding their respective clients. Each counsel

---

[1] The Honorable Solomon J. Casseb, III is the presiding judge of the 288th Judicial District Court, Bexar County, Texas. However, the Honorable Richard Garcia, Associate Judge, Bexar County, Texas, presided over the parental termination proceeding and signed the judgments that are at issue in this appeal. The Honorable Joe Frazier Brown, Jr., formerly the presiding judge of the 57th Judicial District Court, adopted the order of termination.

concluded that the appeal is without merit regarding their client. The briefs meet the requirements of *Anders v. California,* 386 U.S. 738 (1967). *See In re R.R.,* No. 04-03-00096-CV, 2003 WL 21157944, at \*4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* procedure in appeal from termination of parental rights); *see also In re K.M.*, 98 S.W.3d 774 (Tex. App.—Fort Worth 2003, order) (same).

Each appellate counsel provided their respective client with a copy of their appellate brief, and advised their client of his or her right to examine the record and to file a *pro se* brief. Jayson timely filed a *pro se* brief.[2] After reviewing the record and counsels' briefs, we agree that the appeal is frivolous and without merit. *See Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or *pro se* response but should only determine if the appeal is frivolous). The judgment of the trial court is therefore affirmed, and counsels' motions to withdraw are granted.

Phylis J. Speedlin, Justice

---

[2] The Court of Criminal Appeals in *Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), held:

When faced with an *Anders* brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. *Anders,* 386 U.S. at 744. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised. *Id.* at 509-10 (quoting *Anders,* 386 U.S. at 744). If the court of appeals were to review the case and issue an opinion which addressed and rejected the merits raised in a *pro se* response to an *Anders* brief, then Appellant would be deprived of the meaningful assistance of counsel.