02-12-111-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00111-CV

 

 


 
 
 In
 the Interest of Y.F.J. and S.E.J., Children
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 323rd District
 Court
  
 of
 Tarrant County (323-94395J-11)
  
 November
 29, 2012
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER
CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00111-CV


 
 
 In the Interest of Y.F.J. and S.E.J., Children
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
T.J. (Father) appeals the trial court’s judgment terminating his parental
rights to his children, Y.F.J. and S.E.J.[2] 
Father’s court-appointed counsel has filed a motion to withdraw and an Anders
brief in support stating that after diligently reviewing the record, he
believes that any appeal by Father would be frivolous.  See Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).   Although given
notice and an opportunity to file a pro se brief, Father did not do so.  We
affirm.

Background
Facts

J.K.
(Mother) and Father had a prior relationship but are no longer together.  When Texas
Department of Protective and Family Services (DFPS) became involved in 2011, Father
was married to K.T. and Mother had another boyfriend.  Father served a
four-year sentence from 2003 to 2007 for involuntary manslaughter and was sentenced
to three years’ imprisonment beginning in March 2011 for violence against the
family.

On
April 1, 2011, DFPS received a referral alleging neglectful supervision of Y.F.J.
and S.E.J.  On April 5, 2011, DPFS caseworker Kimberly Russell confronted Mother
and her boyfriend at Mother’s residence in Fort Worth about heroin use.  At
first Mother denied the drug use, but after Russell told Mother she would have
to take a drug test, Mother admitted to using heroin.  Mother signed an
Acknowledgment of Substance Abuse form in which she admitted to using heroin
the day before and during the months preceding the referral.  Mother was placed
in the Nexus Drug Treatment Program.  Mother left the facility early in violation
of the required safety plan.

Russell
could not find any family members on either side who could take the children so
they were placed in foster care.  In June 2011, a new DFPS caseworker,
Concepcion Martinez, sent a service plan to Father in prison.  Martinez testified
that she was concerned about the relationship between Father and the children because
the children stated they were afraid of Father’s violence towards Mother.

DFPS
moved for termination as to both parents because DFPS determined that the
children would be in great danger if left with Mother.  After a bench trial,
the trial court found that Mother had knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endangered their well-being;
had engaged in conduct or knowingly placed the children with persons who had engaged
in conduct which endangered their well-being; and had constructively abandoned them. 
The trial court also found that Father had knowingly placed or knowingly
allowed the children to remain in conditions or surroundings which endangered their
well-being; had engaged in conduct or knowingly placed the children with
persons who had engaged in conduct which endangered their well-being; and had knowingly
engaged in criminal conduct that resulted in his conviction of an offense and
confinement or imprisonment and inability to care for the children for not less
than two years from the date of filing the petition.  The trial court found
that termination of both Mother’s and Father’s parental rights was in the
children’s best interest.  Father appealed.[3]

Standard
of Review

A
parent’s rights to “the companionship, care, custody, and management” of his or
her children are constitutional interests “far more precious than any property
right.”  Santosky v. Kramer, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397
(1982); In re M.S., 115 S.W.3d 534, 547 (Tex. 2003).  In a termination
case, the State seeks not just to limit parental rights but to erase them
permanently—to divest the parent and child of all legal rights, privileges,
duties, and powers normally existing between them, except for the child’s right
to inherit.  Tex. Fam. Code Ann. § 161.206(b) (West 2008); Holick v.
Smith, 685 S.W.2d 18, 20 (Tex. 1985).  We strictly scrutinize termination
proceedings and strictly construe involuntary termination statutes in favor of
the parent.  Holick, 685 S.W.2d at 20–21; In re R.R., 294 S.W.3d
213, 233 (Tex. App.—Fort Worth 2009, no pet.).

In
proceedings to terminate the parent-child relationship brought under section
161.001 of the family code, the petitioner must establish one ground listed
under subsection (1) of the statute and must also prove that termination is in
the best interest of the child.  Tex. Fam. Code Ann. § 161.001 (West Supp.
2012); In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).  Both elements must be
established; termination may not be based solely on the best interest of the
child as determined by the trier of fact.  Tex. Dep’t of Human Servs. v.
Boyd, 727 S.W.2d 531, 533 (Tex. 1987); In re D.T., 34 S.W.3d 625,
629 (Tex. App.—Fort Worth 2000, pet. denied).

Termination
decisions must be supported by clear and convincing evidence.  Tex. Fam. Code
Ann. § 161.001; see also § 161.206(a).  Evidence is clear and
convincing if it “will produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established.”  Id.
§ 101.007 (West 2008).  Due process demands this heightened standard
because termination results in permanent, irrevocable changes for the parent
and child.  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002); see In
re J.A.J., 243 S.W.3d 611, 616 (Tex. 2007) (contrasting standards for
termination and modification).

Discussion

Father’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the motion, counsel avers that he has
conducted a professional evaluation of the record and, after a thorough review
of the applicable law, has reached the conclusion that there are no arguable
grounds to be advanced to support an appeal of this cause and that the appeal
is frivolous.

Counsel’s
brief and motion meet the requirements of Anders by presenting a
professional evaluation of the record demonstrating why there are no reversible
grounds on appeal and referencing any grounds that might arguably support the
appeal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  This
court has previously held that Anders procedures apply in parental
rights termination cases when DFPS has moved for termination.  See In
re K.M., 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.).  Father
was given the opportunity to file a pro se brief on his own behalf, but he did
not do so.

In
our duties as a reviewing court, we must conduct an independent evaluation of
the record to determine whether counsel is correct in determining that the
appeal is frivolous.   See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.   Only then may we
grant counsel’s motion to withdraw. 
 See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351
(1988).

In
his duty to his client, Father’s attorney offers two areas in which he sought
to find error.  The two areas include: whether under section 161.001(D), (E),
and (Q) of the Texas Family Code the evidentiary grounds presented at trial
were factually and legally sufficient to support termination; and whether the
termination was in the best interest of the children under section 161.001(2)
of the Texas Family Code.  Father was incarcerated from March 2003 to March
2007, November 2009 to December 2009, and June 2010 to the time of trial, with
a projected release date of June 2013.[4]  At the time of trial on
February 21, 2012, Y.F.J. was twelve years old and S.E.J. was nine years old.  During
the children’s lives, Father has spent over seven years in jail.  Father became
eligible for parole in October 2010, but had not been released on parole by the
time of trial.

We
agree with Father’s attorney that there are no arguable grounds for an appeal
because the evidence shows that Father’s continued criminality has contributed
to the dangerous environment in which the children lived, thereby meeting the
section 161.001(E) grounds for termination.  See Tex. Fam. Code § 161.001(E);
In re M.R., 243 S.W.3d 807, 819 (Tex. App.—Fort Worth 2007, no
pet.) (observing that father’s incarceration affected his ability to ensure
that his child was properly taken care of, prevented him from finding better living
conditions or providing financial support for the child, and indicated a course
of conduct that was endangering to his child).  Father repeatedly committed
criminal acts that subjected him to the possibility of incarceration.  While
imprisonment alone is not a basis to terminate parental rights, it is an
appropriate factor to consider.  See In re M.R.J.M., 280 S.W.3d 494, 503
(Tex. App.—Fort Worth 2009, no pet.).  Each time Father was jailed, he was
absent from his children’s lives and unable to provide a home or support, which
negatively impacted the children’s living environment and well-being.  See
id.; In re D.M., 58 S.W.3d 801, 812–13 (Tex. App.—Fort Worth
2001, no pet.) (noting that mother’s frequent incarcerations affected her
ability to properly care for her children); M.R., 243 S.W.3d at 819; In
re C.L.C., 119 S.W.3d 382, 393 (Tex. App.—Tyler 2003, no pet.) (holding
that it is sufficient that the parent was aware of the potential for danger to
the child and disregarded that risk).  The children were not bonded with Father
and have not expressed a desire to reunite with him.  See In re U.P.,
105 S.W.3d 222, 236 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding
that the creation of an “emotional vacuum” in the child’s life by being absent
for more than twelve months due to incarceration was evidence of endangering
the child’s emotional well-being); In re J.N.R., 982 S.W.2d 137, 143
(Tex. App.—Houston [1st Dist.] 1998, no pet.) (affirming the termination of
father’s parental rights based in part on evidence that father continued to
engage in the criminal activity that resulted in his incarceration even after
knowing his parental rights were in jeopardy).

We
have carefully reviewed the appellate record and Father’s appellate counsel’s
brief.   We agree with his appellate counsel that the appeal is wholly
frivolous and without merit.   We find nothing in the record that might
arguably support the appeal.   See In re J.T., No. 02-10-00284,
2011 WL 856927, at *1 (Tex. App.—Fort Worth, Mar. 10, 2011, no pet.) (mem. op.)
(citing Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)). 
Therefore, we grant Father’s appellate counsel’s motion to withdraw.

Conclusion

Having
granted the motion to withdraw by Father’s counsel, we affirm the trial court’s
judgment terminating Father’s parental rights to Y.F.J. and S.E.J.

 

 

PER CURIAM

 

PANEL: 
GABRIEL, WALKER,
and MCCOY, JJ.

 

WALKER,
J., concurs without opinion.

 

DELIVERED:  November 29,
2012








 









[1]See Tex. R. App. P. 47.4.





[2]We use aliases for the
children throughout this opinion.  See Tex. R. App. P. 9.8(b)(2).





[3]Mother did not appeal the
termination of her parental rights and is not a party to this appeal. 





[4]Father’s criminal history
includes intoxicated manslaughter and continuous family violence against the
family.  In 2009, he was charged with causing bodily injury to his wife, K.T.,
by striking her head with his hand, forcing her to the ground, and choking her.