

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00430-CV

IN THE INTEREST OF L.A.L.,
THE CHILD

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mother appeals the trial court's order terminating her parental rights to her daughter, L.A.L.[2] The trial court found by clear and convincing evidence that Mother had engaged in conduct that had endangered the physical or emotional well-being of L.A.L. and that Mother had knowingly placed or

---

[1]*See* Tex. R. App. P. 47.4.

[2]This court recently affirmed the trial court's order terminating Mother's parental rights to another daughter, A.E.L. *See In re A.E.L.*, No. 02-13-00310-CV, 2014 WL 184177, at *1 (Tex. App.—Fort Worth Jan. 16, 2014, no pet.) (mem. op.).

knowingly allowed L.A.L. to remain in conditions or surroundings that had endangered her physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2013). The trial court further found that termination of Mother's parental rights is in L.A.L.'s best interest. *See id.* § 161.001(2).

Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Mother was given the opportunity to file a pro se brief, but she has not done so. The Department of Family and Protective Services sent us a letter stating that it was waiving the opportunity to file a response.

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental rights termination cases), *disp. on merits*, No. 02–01–00349–CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re E.M.M.*, No. 02-12-00259-CV, 2012 WL 6632785, at *6, *9 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op.). Therefore, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment terminating Mother's parental rights to L.A.L.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DELIVERED: March 6, 2014

3