

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00152-CV

IN THE INTEREST OF C.R., I.P.,
AND Z.P., CHILDREN

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2012-50930-367

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mother appeals the trial court's final order terminating her parental rights to her three children, C.R., I.P., and Z.P. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O) (West 2014). Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has

---

[1]*See* Tex. R. App. P. 47.4.

reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Neither Mother nor the State filed a response.

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases).

In our duties as the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also In re A.B.*, No. 13-0749, 2014 WL 1998440, at *6 (Tex. May 16, 2014) (holding that an appellate court that affirms a judgment terminating parental rights need not detail the evidence when performing a factual sufficiency review). Therefore, we grant

2

appellate counsel's motion to withdraw and affirm the trial court's final order terminating Mother's parental rights to C.R., I.P., and Z.P.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  September 18, 2014