

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00439-CV

_____

IN THE INTEREST OF J.M., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-687468-20

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

V.M. (Mother) appeals from the trial court's order terminating her parental rights to her son J.M. (James)[1] and awarding permanent managing conservatorship of him to the Department of Family and Protective Services.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (R), (b)(2). We will affirm.

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Mother's counsel has certified to us that he provided Mother with a copy of the *Anders* brief and informed her of her rights to request and to review the appellate record,[3] to file a pro se response in this court, and

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated James's father's parental rights, but James's father has not appealed.

[3]To that end, Mother's counsel also certified to us that he explained to Mother the process of obtaining the appellate record; furnished her with a motion for pro se access to the record, which lacked only Mother's signature and the date; and provided her with our mailing address and the motion's filing deadline.

to seek review from the Texas Supreme Court. We also informed Mother that her appointed appellate counsel had filed an *Anders* brief and gave her an opportunity to examine the appellate record and to file a pro se response to the *Anders* brief. Mother did not file a response,[4] and the Department of Family and Protective Services has declined to file a response.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for appeal exist.[5] *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—

---

[4]Mother did not respond to our letter notifying her of the *Anders* brief and giving her a chance to examine the record and to file a pro se response. But the day before this case was set for submission, we received a letter from Mother requesting a copy of the *Anders* brief and an opportunity to respond. On May 4, 2022, we granted Mother's request, gave her 14 days to file a pro se response, and provided her with copies of the *Anders* brief and the appellate record. *See* Tex. R. App. P. 9.2(b), 38.6(d). We informed her that we would grant no extensions. *See* Tex. R. Jud. Admin. 6.2(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. We cautioned Mother that if she did not file a response, we would assume that she did not intend to file one, and we would consider the appeal without it. *See* Tex. R. App. P. 9.2(b), 38.6(d). More than fourteen days have passed, and we have received no response.

[5]In the course of our independent review of the record, we contacted the court reporter to ensure that we had transcripts of all pretrial hearings and asked that he prepare any missing transcripts. He provided us with an eight-page continuance-hearing transcript, which we have reviewed along with the clerk's record and the trial transcript. We remind Mother's court-appointed counsel of his duty to review the entire record when assessing whether an appeal is frivolous.

Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at \*10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding nothing in the record that could arguably support an appeal, we agree with counsel that Mother's appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We thus affirm the trial court's order terminating Mother's parental rights to James. Mother's counsel remains appointed through proceedings in the supreme court unless otherwise relieved.[6] *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 6, 2022

---

[6]Mother's counsel noted in his brief that he would move to withdraw as appellate counsel in the supreme court.