

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00284-CV

———————————————

IN THE INTEREST OF J.H., S.V., AND C.V., CHILDREN

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-695108-21

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant D.V. (Mother) appeals a judgment terminating her parent–child relationship with her children, J.H., S.V., and C.V.[1]  The trial court found that the Department of Family and Protective Services had proved four conduct-based grounds for termination of Mother's parental rights and that termination was in the children's best interest.  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (R), (2).  The trial court awarded permanent managing conservatorship of J.H., S.V., and C.V. to the Department.  Mother timely appealed.

### II. BACKGROUND

Mother's appointed appellate counsel filed a brief asserting that "there are no potential meritorious grounds for appeal" and that Mother's appeal is therefore frivolous.  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1,

---

[1]We use aliases for the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).  The trial court also terminated the parent–child relationship between J.H. and her alleged father, C.L.  C.L. was never located and has not appealed the trial court's termination order.  C.A.'s parent–child relationship with S.V. and C.V. was also terminated.  C.A. timely perfected his own appeal from the termination but subsequently moved to dismiss his appeal.  We granted the motion and dismissed C.A.'s appeal only.  *In re J.H.*, No. 02-22-00284-CV, 2022 WL 4373601, at *1 (Tex. App.—Fort Worth Sept. 22, 2022, no pet. h.) (mem. op.).

2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so. The Department has agreed that Appellant has no meritorious grounds for appeal and thus has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed appellate counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied); *see also Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Therefore, we affirm the trial court's judgment terminating the parent–child relationship between Mother and J.H., S.V., and C.V.

Counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: November 17, 2022