

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00297-CV

———————————————

IN THE INTEREST OF H.H., A CHILD

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-729960-23

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

E.S. (Mother) and C.H. (Father) appeal the termination of their parental rights to their son, H.H. (Henry). But the two appellate attorneys appointed to represent the parents have filed *Anders* briefs indicating that there are no meritorious grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Because our independent review of the record compels us to agree with the parents' attorneys, we will affirm.

## I. Background

The record reveals that Father had a documented history of mental-health issues and domestic abuse and that Mother—aware of this history—left Henry in Father's care anyway.

A month before Henry's birth, Father sought mental-health treatment due to Mother's reports of Father's "increasingly violent" behavior and "homicidal ideations . . . directed towards her." Father told the mental-health staff that he experienced "'angry' episodes" in which he had the "urge to strike" both Mother and her children. He was provided with medication for his mental-health issues and released.

Henry was born the next month, in November 2022, and Father admitted to abusing the infant. When Mother took almost-three-month-old Henry to the hospital in February, the baby had 33 fractures throughout his body, and many of the fractures were at least two weeks old. Henry's nurse testified that the fractures were likely

caused by "blunt force trauma." Henry also had bilateral "subconjunctival hemorrhages"—i.e., "broken blood vessels in the eye"—which according to Henry's nurse, were "a sentinel event" in "the world of child abuse" and raised "concerns for asphyxiation." When the nurse spoke with Mother about the injuries, Mother told her she "felt like it was [Father]" who had caused them.

Later, investigators from the Department of Family and Protective Services arrived at the hospital, and Mother acknowledged that she had left Henry alone with Father. She told an investigator that Father had been very angry with her the weekend before she took Henry to the hospital, and because "she felt unsafe," she left the house and left Henry in Father's care for the majority of the weekend. Mother indicated that she believed Father had stopped taking his mental-health medication and that "[s]he knew better" and "should have left him [i.e., Father]."

Father ultimately admitted that he had abused Henry on multiple occasions, and he detailed how he had caused the injuries. He was arrested for felony injury to a child, and the charges remained pending at the time of the termination trial.

Henry was removed from Mother's and Father's custody within days of the hospital incident. An associate judge entered a finding of aggravated circumstances, which expedited the trial schedule and waived the service-plan requirement. *See* Tex. Fam. Code Ann. § 262.2015. The trial court ultimately reaffirmed the aggravated-circumstances finding and concluded that the parents satisfied the two endangerment predicate grounds for termination: they "knowingly placed or knowingly allowed

3

[Henry] to remain in conditions or surroundings which endanger[ed his] physical or emotional well-being" and "engaged in conduct or knowingly placed [Henry] with persons who engaged in conduct which endanger[ed his] physical or emotional well-being." *Id.* § 161.001(b)(1)(D), (E). Finding that termination was in Henry's best interest, the trial court terminated the parents' parental rights. *Id.* § 161.001(b)(2).

## II. Discussion

Mother's and Father's appointed appellate attorneys have filed separate *Anders* briefs indicating that the parents' appeals are frivolous and that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Each brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

The appointed attorneys served their briefs on the parents and informed them of their rights to request the record and to file pro se responses to the *Anders* briefs.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re G.C.*, No. 02-20-00368-CV, 2021 WL 1823341, at *1 (Tex. App.—Fort Worth May 7, 2021, pet. denied) (mem. op.).

---

[1] The appointed attorneys also provided the parents with motions for pro se access to the appellate record and informed them of this court's mailing address. *Cf. Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

This court similarly informed the parents of their rights. Neither Mother nor Father has sought to access the appellate record, and neither has filed a response.[2]

Nonetheless, to protect the parents' rights, "we must independently examine the appellate record to determine if any arguable grounds for appeal exist." *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV, 2023 WL 3251013, at *1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.) (same). Having done so, our review confirms that the parents' appeals are frivolous. *See K.W.*, 2023 WL 4289613, at *1 (conducting similar *Anders* analysis and reaching similar conclusion); *K.A.*, 2023 WL 3251013, at *2 (same).

## III. Conclusion

We affirm the trial court's order terminating Mother's and Father's parental rights to Henry.[3] Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: November 30, 2023

---

[2]The Department elected not to file a brief.

[3]Father's appointed appellate attorney has moved to withdraw based on his conclusion that Father's appeal is frivolous. Because this does not constitute good cause to withdraw, and because Father's right to appointed counsel extends to proceedings in the Texas Supreme Court, the motion is denied. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order) (holding that "the right to counsel . . . includes all proceedings in [the Texas Supreme] Court, including the filing of a petition for review"); *see also K.A.*, 2023 WL 3251013, at *2 (denying similar motion to withdraw).