

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00438-CV

———————————————————

IN THE INTEREST OF M.R., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-719132-22

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

B.R. (Mother) appeals the termination of her parental rights to her son, M.R. (Marco), but the attorney appointed to represent her on appeal has filed an *Anders* brief asserting that there are no meritorious grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Because our independent review of the record compels us to agree with Mother's attorney, we will affirm.

### Background

The Department of Family and Protective Services first became involved with Mother in 2020, at the time of Marco's birth. Mother had used methamphetamine during her pregnancy, and Marco experienced withdrawal symptoms. Mother was offered family-based safety services, *see* 40 Tex. Admin. Code § 700.712, and Marco remained in her care.

In 2022, Marco again tested positive for methamphetamine, and the Department took Marco into its care. Mother moved out of the home that she was sharing with her mother and grandmother (Grandmother), and Marco was placed with Grandmother. At trial, a Department employee testified that during the case, after one of Mother's visits with Marco, she saw Mother get into Grandmother's car, even though Mother was not supposed to have contact with Marco that was not supervised by the Department. Mother and Grandmother both testified and denied that this event occurred.

Marco was removed from Grandmother in February 2023 after he again tested positive for methamphetamine. The foster mother with whom he was placed took him to the dentist, who found that Marco had eight cavities. Mother admitted at trial that she had not taken care of Marco's teeth. He also suffered from a speech delay; while he was in Grandmother's care, Grandmother had been offered services for the issue but had declined them, preferring to wait a year to see if Marco's speech delay resolved itself on its own.

One of Mother's service plan requirements was to submit to the Department's requests for random drug tests. Mother admitted at trial that she had used drugs during the case's pendency and had sometimes refused to test. Mother further admitted that while Marco had been in her care, she had used methamphetamine around him and had taken him around people who were smoking methamphetamine. Mother had another child a few months before the October 2023 trial, and that child also tested positive for methamphetamine. Mother told hospital staff that she had not obtained any prenatal care for that child. Mother admitted at trial that she still needed inpatient drug treatment.

A jury found that Mother had knowingly placed or knowingly allowed Marco to remain in conditions or surroundings that endangered him, had engaged in conduct or knowingly placed Marco with persons who engaged in conduct that endangered him, had failed to comply with a court-ordered service plan's requirements, and had caused Marco to be born addicted to a controlled substance. The jury further found that

3

termination of Mother's rights to Marco was in Marco's best interest. The trial court's judgment of termination made the same findings. *See In re R.J.G.*, 681 S.W.3d 370, 379 (Tex. 2023) ("Regardless of whether a predicate ground for termination is found by the court or a jury, the trial court bears the ultimate responsibility for determining whether that finding supports termination."). Accordingly, the trial court terminated Mother's parental rights.

**Discussion**

Mother's appointed appellate attorney has filed an *Anders* briefs indicating that Mother's appeal is frivolous and that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

The appointed attorney served the briefs on Mother and informed her of her right to request the record and to file a pro se response to the *Anders* brief. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re G.C.*, No. 02-20-00368-CV, 2021 WL 1823341, at *1 (Tex. App.—Fort Worth May 7, 2021, pet. denied) (mem. op.). This court similarly informed Mother of her rights. Mother has not sought to access the appellate

4

record, and she did not file a timely response.[1] The Department responded that it agrees with Mother's attorney that Mother "has no meritorious grounds upon which to advance an appeal in this case."

Nonetheless, to protect Mother's rights, "we must independently examine the appellate record to determine if any arguable grounds for appeal exist." *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV, 2023 WL 3251013, at *1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.) (same). We have done so, and our review confirms that Mother's appeal is frivolous. *See K.W.*, 2023 WL 4289613, at *1 (conducting similar *Anders* analysis and reaching similar conclusion); *K.A.*, 2023 WL 3251013, at *2 (same).

---

[1]On February 7, 2024, we notified Mother that she had fourteen days to inform this court if she wanted to examine the record and file a pro se response. Mother did not file any response by that deadline. Thus, after we received the Department's response, we notified the parties that the case would be submitted on March 28, 2024. On March 25, 2024, Mother filed a response. The response states that Mother had "conducted research into relevant laws and legal precedents that support [her] position," but the response does not cite any authority that supports her assertions. *See* Tex. R. App. P. 38.1(i). The response asserts that Mother completed some of her services under her service plan, and it also references evidence raised in Mother's motion for new trial, which the trial court overruled. However, even if we consider Mother's untimely response, the *Anders* brief addressed Mother's service plan compliance and the evidence presented in the motion for new trial, and it explains why the evidence relied on by Mother in her response does not present any arguable ground for appeal. As noted above, our review of the record confirms that Mother's appeal is frivolous.

## Conclusion

We affirm the trial court's order terminating Mother's parental rights to Marco.[2]

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 4, 2024

---

[2]Mother's appointed attorney has not filed a motion to withdraw, and the record does not show good cause for withdrawal independent from the attorney's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order) (requiring good cause for withdrawal). Accordingly, Mother's attorney remains appointed through proceedings in the Supreme Court of Texas unless otherwise relieved. *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code. Ann. § 107.016(2)(C); *K.W.*, 2023 WL 4289613, at *1.