

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00412-CV

———————————————

IN THE INTEREST OF J.K., A.R., AND A.R., CHILDREN

---

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-621473-17

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

This is an ultra-accelerated appeal[1] in which Appellant A.K. (Mother) appeals the termination of her parental rights to J.K. (Jack),[2] A.R. (Angela), and A.R. (Allison) and in which Appellant T.R. (Father) appeals the termination of his parental rights to Angela and Allison following a two-day bench trial. The trial court terminated Mother's parental rights based on clear and convincing evidence of three predicate grounds—endangering environment, endangering conduct, and prior parental-rights termination on endangerment grounds[3]—and the best-interest ground. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (b)(2). The trial court terminated Father's parental rights based on clear and convincing evidence of three predicate grounds— endangering environment, endangering conduct, and constructive abandonment—and the best-interest ground. *See id.* § 161.001(b)(1)(D), (E), (N), (b)(2).

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights). We use aliases to refer to all children who are mentioned in this opinion.

[3]The record includes an October 9, 2024 termination order showing that Mother's parental rights to A.E. (Ada) were terminated based on endangering environment, endangering conduct, and failure to complete court-ordered services. Mother appealed, and we affirmed the termination order. *See In re A.E.*, No. 02-24-00473-CV, 2025 WL 1062088, at *1–2 (Tex. App.—Fort Worth Apr. 8, 2025, no pet.) (mem. op.).

Both Mother's and Father's court-appointed counsel have filed *Anders*[4] briefs, stating that they could find no errors warranting reversal that could be legitimately supported by the record and concluding that each appeal is frivolous and without merit. Because our independent review of the record compels us to agree with each parent's counsel, we affirm the trial court's judgment.

## II. Mother's Appeal

Mother's appointed appellate counsel filed a brief in accordance with *Anders*, averring that after diligently reviewing the record, he believes that the appeal is frivolous. *See* 386 U.S. at 744–45, 87 S. Ct. at 1400; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (reasoning that *Anders* procedures apply in noncriminal appeals when appointment of counsel is mandated by statute). Counsel's brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

Counsel served the brief on Mother and informed her of her rights to request the record and to file a pro se response to the Anders brief.[5] *See Anders*, 386 U.S. at

---

[4]*Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

[5]Counsel also provided Mother with "the necessary paperwork and instructions," including a pro se motion for access to the appellate record, for Mother to file her own brief and informed her that he is not permitted to withdraw and that he "will be obliged to file a Petition for Discretionary Review (PDR) with the Supreme Court of Texas" before requesting to withdraw. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel is correct that he remains appointed

744, 87 S. Ct. at 1400; *In re G.C.*, No. 02-20-00368-CV, 2021 WL 1823341, at *1 (Tex. App.—Fort Worth May 7, 2021, pet. denied) (mem. op.). We similarly informed Mother of her rights. Mother has not requested access to the appellate record and did not file a response. The Department has declined to file a responsive brief.

Nonetheless, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV, 2023 WL 3251013, at *1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.). Having done so, we conclude that Mother's appeal is frivolous. *See K.W.*, 2023 WL 4289613, at *1 (conducting *Anders* analysis and reaching same conclusion); *K.A.*, 2023 WL 3251013, at *2 (same).

### III. Father's Appeal

Father's appointed appellate counsel filed a motion to withdraw in addition to the *Anders* brief. Father's counsel's brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no meritorious grounds for reversal.

---

through proceedings in the Texas Supreme Court unless he is relieved of his duties for good cause. *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

Counsel served the brief on Father and informed him of his rights to request the record and to file a pro se response to the *Anders* brief.[6] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *G.C.*, 2021 WL 1823341, at *1. We similarly informed Father of his rights. Father has not sought to access the appellate record and did not file a response. The Department has declined to file a responsive brief.

Having independently examined the appellate record to determine if any arguable grounds for appeal exist, we conclude that Father's appeal is also frivolous. *K.W.*, 2023 WL 4289613, at *1; *see K.A.*, 2023 WL 3251013, at *2.

## IV. Conclusion

We agree with counsel that Father's and Mother's appeals are frivolous; thus, we affirm the trial court's termination order. We deny Father's counsel's motion to withdraw; each counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of those duties. *See P.M.*, 520 S.W.3d at 27–28; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: December 4, 2025

---

[6]Counsel also provided Father with a motion for pro se access to the appellate record and notified him of his right to seek review before the Supreme Court of Texas should the court declare his appeal frivolous. *See Kelly*, 436 S.W.3d at 319–20.