

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00617-CV

_____

IN THE INTEREST OF E.J., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-759303-24

Before Kerr, Birdwell, and Walker JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

In this ultra-accelerated appeal,[1] Mother appeals from the judgment of the trial court terminating her parental rights as to her child E.J.[2] The trial court found by clear and convincing evidence that the Department of Family and Protective Services had proved three conduct-based grounds to terminate the parent–child relationship between Mother and E.J. and that termination of the relationship was in E.J.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2).

Mother's counsel has filed an *Anders* brief indicating that Mother has no meritorious grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Mother's appointed appellate counsel filed a motion to withdraw with Mother's *Anders* brief. *See id.*; *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Mother's counsel's brief presents a professional evaluation of the record, an analysis of potential appellate issues, and a demonstration of why there are no arguable grounds for reversal.

---

[1]*See* Tex. R. Jud. Admin. 6.2(a)*, reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]We use initials to refer to minors and relationships to those minors for others as necessary to protect the minor's identity. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

Counsel served the brief on Mother and informed her of her right to request the record and to file a pro se response to the *Anders* brief. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re G.C.*, No. 02-20-00368-CV, 2021 WL 1823341, at *1 (Tex. App.—Fort Worth May 7, 2021, pet. denied) (mem. op.). Counsel also provided Mother with a motion for pro se access to the appellate record and this court's mailing address. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Mother's counsel informed Mother of her pro se right to seek discretionary review of our judgment. *See id.* at 319.

On January 8, 2026, Mother filed a document titled "Motion to Dismiss (or Other Relief) for Violation of Due Process Rights." The motion does not allege error in the trial court's order of termination. On January 13 and 14 and on February 11, Mother filed three additional documents—a letter, a motion, and a petition for reinstatement of rights, and a second letter with accompanying photographs—none of which alleges error in that order. The State filed a letter stating that it did not intend to file a brief.

As the reviewing court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. Having carefully reviewed the appellate record, the *Anders* brief, and Mother's pro se responses to determine if any arguable grounds for appeal exist, we conclude that Mother's appeal is frivolous. *In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.); *see In re K.A.*, No. 02-23-00014-CV,

2023 WL 3251013, at *1 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op.); *In re L.C.*, No. 02-19-00130-CV, 2019 WL 3955190, at *1 (Tex. App.—Fort Worth Aug. 22, 2019, no pet.) (mem. op.). We find nothing in the record that might arguably support Mother's appeal and deny her pro se motions. Thus, we affirm the trial court's termination order as to Mother.

We deny Mother's counsel's motion to withdraw; counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of those duties for good cause. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 26, 2026

4